Opinion issued July 23, 2026



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00401-CV

————————————

**PAUL RODRIGUEZ, JR. AND REBECCA L. WATTS, Appellants**

**V.**

**CITY OF HOUSTON, Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-06173**

---

## MEMORANDUM OPINION

This appeal arises out of a confrontation among neighbors. Appellant Paul Rodriguez, Jr. pointed a gun at a neighborhood resident who had harassed and confronted his wife, appellant Rebecca Watts, while she was watering plants. The resident, James Frederick Ebdon, III, then identified himself as a police officer and

contacted Houston Police Department (HPD). Officers arrived and arrested Rodriguez. Rodriguez was initially charged with aggravated assault with a firearm, a charge that was eventually dismissed.

Rodriguez and Watts sued the City, claiming false arrest, malicious prosecution, and violations of their federal constitutional rights under 42 U.S.C. sections 1983. The City moved for summary judgment on traditional and no evidence grounds, arguing, among other things, that it was immune from suit and the appellants did not raise a fact issue to support their federal claims. The trial court granted the City's motion.

In their sole issue on appeal, Rodriguez and Watt contend that the trial court erred in granting the City's summary judgment motion.

We affirm.

## Background

According to the appellants' allegations, on May 8, 2021, the water to the hose turned off while Watts was watering her plants on the front patio of her townhome. She ran out to see what happened and saw an SUV driving away. A week later, her water was turned off again. She ran out to see what happened and saw a man, later identified as Ebdon, running toward a sports utility vehicle (SUV). He yelled that Watts was wasting water.

2

The appellants found their hose disconnected from the outdoor faucet several times that summer. Near midnight on August 25, 2021, Watts was watering her plants when Ebdon pulled up in his SUV near where she was standing and began yelling at her to stop watering her plants. Rodriguez, who was inside, heard Watts outside screaming for help. He got his gun and went into the garage. Rodriguez walked toward the open garage entrance and asked Ebdon to leave. Ebdon laughed, and Rodriguez pointed his gun at him. Ebdon then pulled out his badge and gun and informed Rodriguez he was a police officer, and Rodriguez lowered his gun. Ebdon called the Houston Police Department. Officers arrived and arrested Rodriguez.

Rodriguez was arrested, spent forty hours in jail, and was released on bond. He was indicted by a grand jury for aggravated assault with a deadly weapon. Rodriguez was pressured to take a plea deal before the criminal case was dismissed on November 9, 2022 for insufficient evidence of guilt.

The appellants alleged that Ebdon engaged in harassment and violated the Texas Penal Code provisions criminalizing stalking, trespassing, and assault.[1] They brought claims against the City for false arrest and malicious prosecution. They also brought claims under 42 U.S.C. section 1983 for violations of Rodriguez's rights under the Fourth and Fourteenth Amendments to the federal constitution, alleging

---

[1] *See* TEX. PENAL CODE §§ 22.01, 42.072, 30.05.

that the City has a custom, policy, practice, and procedure of not disciplining or training officers adequately.

The City moved for summary judgment on traditional and no-evidence grounds, asserting that it was immune from suit and the appellants failed to show a waiver of immunity applied to their claims. The City also maintained that the appellants had no evidence to support their claims for false arrest and malicious prosecution. Alternatively, the City argued that those claims were barred by the independent intermediary doctrine because in issuing an indictment, the grand jury implicitly found that probable cause supported Rodriguez's arrest.

Further, the City asserted that the appellants failed to show any evidence of a violation of the appellants' constitutional rights that would overcome the officers' qualified immunity.

In opposing the City's motion, the appellants focused on Ebdon's alleged harassment that led up to the confrontation and claimed that Ebdon continued to be a threat. They also asserted that the City aided and abetted in police misconduct and violated Rodriguez's civil rights by falsely arresting and prosecuting Rodriguez.

## Summary Judgment

### A. Standard of Review

We review a trial court's summary judgment ruling de novo. *Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023).

4

A party moving for traditional summary judgment must prove that no genuine issues of material fact exist and it is entitled to judgment as a matter of law. *Id.*; TEX. R. CIV. P. 166a(c). When a governmental defendant moves for traditional summary judgment based on immunity, it bears the burden to show that the trial court lacks jurisdiction. *City of Austin v. Powell*, 704 S.W.3d 437, 448 (Tex. 2024). If the governmental defendant satisfies this burden, the burden shifts to the plaintiff to present evidence raising a fact issue that immunity was waived. *See Powell*, 704 S.W.3d at 448; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 637 (Tex. 2012) ("While a plaintiff must plead the elements of her statutory cause of action . . . she will only be required to submit evidence if the defendant presents evidence negating one of those basic facts."). If the movant's evidence conclusively negates jurisdiction, the trial court must grant summary judgment dismissing the case against the governmental entity, unless the nonmovant produces enough evidence to raise a genuine issue of material fact. *Powell*, 704 S.W.3d at 448. "An issue is conclusively established if reasonable minds could not differ about the conclusion to be drawn from the facts in the record." *Cmty. Health Sys. Prof'l Services Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017) (internal quotations omitted).

If a movant files a proper no-evidence summary judgment motion, the burden shifts to the nonmovant to present evidence raising a fact issue on each element challenged in the motion. *Wal-Mart Stores*, 663 S.W.3d at 576; TEX. R. CIV. P. 166a(i).

In reviewing a summary judgment ruling, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 680. We may not, however, disregard necessary contextual evidence or "evidence and inferences unfavorable to the [nonmovants] if reasonable jurors could not." *City of Houston v. Rodriguez*, 704 S.W.3d 462, 470 (Tex. 2024) (quoting *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018).

Because the trial court did not specify the grounds on which it granted the summary judgment motion, we must affirm if any of the grounds alleged in the motion are meritorious. *Hansen*, 525 S.W.3d at 680.

## B.    Governmental Immunity

Governmental immunity implicates a trial court's jurisdiction and derives from the State's sovereign immunity. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Governmental immunity precludes suit and legal liability against the State's political subdivisions, including cities, when performing governmental functions. *City of Houston v. Houston Firefighters' Relief & Ret. Fund*, 667 S.W.3d

6

383, 395 (Tex. App.—Houston [1st Dist.] 2022, pet. denied). Unless the State has consented to suit through legislative waiver of governmental immunity, such immunity deprives courts of subject matter jurisdiction. *Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*, 586 S.W.3d 37, 56 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

"A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). That burden includes the burden of establishing a waiver of immunity in suits against the government. *Id.* "Because a governmental unit is protected from suit by governmental immunity, pleadings in a suit against a governmental unit must affirmatively demonstrate, either by reference to a statute or express legislative permission, that the Legislature consented to the suit." *City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 10 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

In the Texas Tort Claims Act (TTCA), the legislature created a limited waiver of governmental immunity for Texas municipalities like the City. TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109. The TTCA "expressly waives immunity in three general categories: (1) use of publicly owned automobiles, (2) premises defects, and (3) injuries or death arising out of the condition or use of property." *City of Denton v. Rodriguez-Rivera*, 714 S.W.3d 706, 715–16 (Tex. App.—Fort Worth 2025, pet. denied); *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225 (Tex.

7

2004). Pertinent here, the TTCA does not waive governmental immunity for claims "arising out of assault, battery, false imprisonment, or any other intentional tort." *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2); *see Franka v. Velasquez*, 332 S.W.3d 367, 376 & n.35. (Tex. 2011).

The false arrest and malicious prosecution claims alleged by the appellants against the City are intentional torts for which there is no waiver of immunity. *See Henderson v. Iowa Colony*, No. 01–15–00599–CV, 2016 WL 2586715, at *3 (Tex. App.—Houston [lst Dist.] May 15, 2016, no pet.) (mem. op.); *see also Harris Cnty. v. Deary*, 695 S.W.3d 566, 572 (Tex. App.—Houston [1st Dist.] 2024, no pet.)

The appellants did not allege any basis for waiver or any state law claim for which governmental immunity is waived. Thus, the trial court did not err in granting summary judgment in favor of the City as to the appellants' state law claims.

## C. Section 1983 claim

The appellants' remaining claims seek relief under 42 U.S.C. section 1983 based on allegations that the City violated Rodriguez's federal constitutional rights under the Fourth and Fourteenth Amendments. 42 U.S.C. section 1983 provides a private right of action against persons acting under color of state law who violate rights secured by the United States Constitution or other federal law.[2] *Ortega v.*

---

[2] The statute provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of

*Pean*, No. 01-18-00249-CV, 2019 WL 1560859, at *7 (Tex. App.—Houston [1st Dist.] Apr. 11, 2019, pet. denied) (mem. op.).

To state a claim under section 1983, a plaintiff must allege a deprivation of a federally secured right and show that a person acting under color of state law caused the deprivation. *Hicks v. LeBlanc*, 81 F.4th 497, 503 n.14 (5th Cir. 2023). The United States Supreme Court has held that a municipality is a "person" that can be liable for a constitutional deprivation under section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91(1978). But the municipality cannot be liable just for employing a tortfeasor; it must have caused the constitutional deprivation itself. *Id.* at 691, 698; *Deary*, 695 S.W.3d at 575. To prove municipal liability under section 1983, a plaintiff must demonstrate (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Shumpert v. City of Tupelo*, 905 F.3d 310, 316 (5th Cir. 2018). "An official policy must be either unconstitutional or have been adopted 'with deliberate indifference to the known or obvious fact that such constitutional violations would result.'" *Id.* "Deliberate indifference" is not just an unintentionally negligent oversight; it must

---

the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

requires an intentional choice. *See James v. Harris Cnty.*, 577 F.3d 612, 617–18 (5th Cir. 2009).

The appellants allege that the City violated Rodriguez's civil rights by

- falsely arresting and pursuing a malicious prosecution against Rodriguez;

- placing Rodriguez in danger by informing authorities at the jail where he was being held that he had pointed a gun at a police officer;

- failing to investigate Watts's written complaints about Ebdon stalking and harassing her and aiding and abetting Ebdon's misconduct;

- securing an indictment against Rodriguez through employees and agents who intentionally and maliciously concealed exculpatory evidence from the grand jury;

- prosecuting Rodriguez after his indictment; and

- attempting to negotiate a plea deal with Rodriguez.

They also alleged that the City "has a custom, policy, practice, and procedure of not disciplining or training officers adequately."

In its summary judgment motion, the City asserted there was no evidence of any constitutional violation. According to the undisputed facts, the officers responded to an incident where Rodriguez pointed a gun at Ebdon after Ebdon laughed at him. The officers arrested Rodriguez, and a grand jury later indicted Rodriguez. The indictment alleges that Rodriguez, "on or about August 25, 2021, did then and there unlawfully, intentionally and knowingly threaten [Ebdon] with imminent bodily injury by using and exhibiting a deadly weapon, namely, a

firearm." This indictment is consistent with the Texas Penal Code's definition of aggravated assault. *See* TEX. PENAL CODE §§ 22.01(a)(2), 22.02(a)(2).

The facts as admitted by the appellants support Rodriguez's arrest and prosecution. The State's eventual, discretionary decision to discontinue prosecution because of insufficient evidence of guilt is not evidence that there was a lack of probable cause to arrest and prosecute Rodriguez in the first place. Further, the appellants adduced no evidence raising an issue of fact as to any act or conduct in violation of the federal constitution or federal law that was the result of inadequate training or discipline. *See Shumpert*, 905 F.3d at 316. Thus, we hold that the trial court did not err in granting the City's no-evidence summary judgment motion on this ground.

We overrule the appellants' sole issue.

## Conclusion

We affirm the trial court's judgment.

                                        Clint Morgan
                                        Justice

Panel consists of Justices Gunn, Caughey, and Morgan.